PROB 12B
(4/07)

# UNITED STATES DISTRICT COURT

for

District of Guam

**Report for Modifying the Conditions or Term of Supervision
with Consent of the Offender**
*(Probation Form 49, Waiver of Hearings is Attached)*

Name of Offender: **Manuel Igisaiar Concepcion**　　　Case Number: **CR 01-00081-001**

Name of Sentencing Judicial Officer: Honorable John S. Unpingco

Date of Original Sentence: March 6, 2003

Original Offense: Attempted Possession with Intent to Distribute Methamphetamine Hydrochloride, in violation of 21 U.S.C. §§ 841 and 846.

Original Sentence: 70-month term of imprisonment, followed by a five-year term of supervised release with conditions that he not commit another federal, state, or local crime; not illegally possess a controlled substance; refrain from any unlawful use of a controlled substance; submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter; not possess a firearm, ammunition, destructive device, or any other dangerous weapon; comply with the standard conditions of supervision; refrain from the use of any and all alcoholic beverages; submit to a substance abuse intake assessment and any recommended treatment; obtain and maintain gainful employment; perform 300 hours of community service; allow the probation officer access to any and all Superior Court of Guam child support information and show proof of compliance with child support payments; and pay a $100 special assessment fee.

Type of Supervision: Supervised Release　　　Date Supervision　August 7, 2007

**PETITIONING THE COURT**

☐　To extend the term of supervision　　　years, for a total term　　　years.

☒　To modify the conditions of supervision as follows:

1. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the probation officer.

Report for Modifying the
Conditions or Term of Supervision
with Consent of Offender  page 2

CAUSE

On September 2, 2005, the Ninth Circuit, in United States v. Stephens , No. 04-50170, addressed 18 U.S.C. § 3583(d) supervised release and 18 U.S.C. §3563(a)(5) probation mandatory testing conditions which requires that the district court determine the maximum number of mandatory drug tests. The Ninth Circuit held that because the statute requires the district court to determine the maximum number of drug tests under the mandatory condition, transferring this duty to the probation officer was an improper delegation of Article III judicial power. To assist the Court in determining the appropriate number of drug tests, the undersigned officer has evaluated Mr. Concepcion's history of drug use, and the drug detection period of his drug of choice. As his offense of conviction is methamphetamine related, with the drug having a normal detection period of four days or less, it is recommended that the maximum number of tests the court order per month be set at eight. This will allow for adequate time intervals between tests which will help facilitate the detection of use. It also provides for enough additional tests so that the pattern of testing will not be predictable to Mr. Concepcion. To address the implications of United States v. Stephens, Ninth Circuit No. 04-50170, it is respectfully requested that the Court modify the defendant's mandatory condition to set the maximum number of tests Mr. Concepcion must submit. It is therefore recommended that the mandatory condition be modified as follows:

> "The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the probation officer."

Mr. Concepcion completed the year long drug treatment and testing program on May 3, 2008. He submitted to a DNA sample of his blood on November 14, 2006 and paid his $100 special assessment fee on March 18, 2003. In addition, Mr. Concepcion completed his community service requirement on March 2, 2008, and is gainfully employed. Furthermore, he is compliant with Superior Court of Guam Criminal Case CF530-02 (Possession of a Schedule II Controlled Substance with Intent to Deliver) and has attended child support hearings as required.

Based on the information above, this Officer respectfully requests that the Court modify the conditions of supervised release, pursuant to 18 U.S.C. § 3583(e)(2) as outlined above. Attached is Probation Form 49, Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend Term of Supervision, with Mr. Concepcion's consent to the modification.

Reviewed by: Respectfully submitted,

/s/ CARMEN D. O'MALLAN  by: /s/ JOHN W. SAN NICOLAS II
U.S. Probation Officer Specialist  U.S. Probation Officer
Supervision Unit Leader

Date: May 22, 2008  Date: May 22, 2008

THE COURT ORDERS

☐ No Action

☐ The Extension of Supervision as Noted Above.

☐ The Modification of Conditions as Noted Above.

☐ Other  Issuance of a: ☐ Summons ☐ Warrant

PROB 49
(3/89)

# United States District Court

District **Guam**

## Waiver of Hearing to Modify Conditions
## of Probation/Supervised Release or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

1. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the probation officer.

Witness _____  Signed _____
U.S. Probation Officer                                    Probationer or Supervised Releasee

Date 5/20/08